# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **RUBEN TOVAR #573345** | § |
| | § |
| **V.** | §    A-10-CA-888-SS |
| | § |
| **RISSIE OWENS, et al.** | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
         UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiffs' complaint and Motion for Second Extension of Time for Service of Process. Plaintiff, proceeding pro se, has paid the applicable filing fee for this case.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Eastman Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. According to Plaintiff, he was convicted of an offense, committed in 1990, and was sentenced to 45 years confinement. Plaintiff claims he was reviewed for parole in 2003, 2006, and 2009 under revised parole guidelines, which were enacted or implemented after the commission of his offense and applied retroactively to Plaintiff's parole reviews. Plaintiff contends he had a greater chance of being released on parole under the old parole guidelines. Plaintiff further contends he should have

received notice at the time he pleaded guilty that parole would undergo fundamental changes that would negatively impact him.

Plaintiff sues Rissie Owens, Charles Aycock, Conrith Davis, Jackie DeNoyelles, Juanita Gonzalez, David Gutierrez, Thomas Leeper, Pamela Freeman, Tony Garcia, James Hensarling, Elvis Hightower, Billy S. Humphrey, James Paul Kiel, Marsha S. Moberley, Edgar Morales, Lynn Ruzicka, Charles C. Speier, Howard A. Thrasher, Oliver J. Bell, Brad Livingston, Rick Thaler, Pamela Williams, Becky Price, and Stuart Jenkins. Plaintiff seeks a declaratory judgment and injunctive relief.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915A

Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A. On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See Martin v. Scott, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

2

B. Due Process

The United States Constitution does not create a liberty interest in parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. See Greenholtz, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. See 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with complete discretion to grant, or to deny parole release. . . .") (emphasis added); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the

3

constitutionality of procedural devices attendant to parole decisions). Regardless of when and how often inmates seek parole review, they are never kept in prison beyond their maximum sentence date.

Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana, 65 F.3d at 31. In addition, while the core of substantive due process is protection from arbitrary government action, "only the most egregious official conduct" is arbitrary in the constitutional sense. County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). Plaintiff's complaint does not meet that standard.

As for the sufficiency of the denial explanations, the Fifth Circuit has upheld similar explanations in the mandatory supervision context. See Boss v. Quarterman, 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives.").

    C.    Ex Post Facto Clause

Plaintiff's primary challenge is under the Ex Post Facto Clause. Plaintiff contends the defendants have implemented a series of incremental changes in their parole laws, rules, regulations, guidelines, policies, criteria, and procedures, which have been retroactively applied to Plaintiff's parole consideration.

Article I, Section 10 of the United States Constitution provides, "no State . . . shall pass any . . . ex post facto law." U.S. CONST. art. I, § 10. The Ex Post Facto Clause "protects liberty by preventing governments from enacting statutes with 'manifestly unjust and oppressive' retroactive effects." Stogner v. California, 539 U.S. 607, 611 (2003) (quoting Calder v. Bull, 3 Dall. 386, 291 (1798)). Under the Ex Post Facto Clause, "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." Collins v. Youngblood, 497 U.S. 37, 43

(1990) (citing Beazell v. Ohio, 269 U.S. 167, 169-70, (1925)).  A statute violates the Ex Post Facto Clause only if it retroactively "effects [a] change in the definition of respondent's crime" or "increases the 'punishment' attached to respondent's crime."  California Dep't of Corr. v. Morales, 514 U.S. 499, 505 (1995).  The latter analysis applies to Plaintiff.

The Fifth Circuit recently recognized that while changes to parole eligibility could retroactively increase punishment, determinations of suitability for parole are discretionary and do not have ex post facto implications.  Wallace v. Quarterman, 516 F.3d 351 (5th Cir. 2008).  The Fifth Circuit explained that Simpson v. Ortiz, 995 F.2d 606, 610 (5th Cir. 1993) reaffirmed its holding in Sheary v. United States, 822 F .2d 556, 558 (5th Cir. 1987), in that changes in Parole Commission guidelines on the suitability of parole do not violate the Ex Post Facto Clause.  Wallace, 516 F.3d at 355.  The court concluded that this holding is consistent with the holding in Portley v. Grossman, 444 U.S. 1311 (1980), which held changes to discretionary parole guidelines do not have ex post facto implications.  Id.  The issues raised by Plaintiff in his complaint address suitability for parole, not eligibility for parole, and do not violate the Ex Post Facto Clause.  Olstad v. Collier, 326 Fed. Appx. 261 (5th Cir. Apr. 27, 2009).  Accordingly, Plaintiff has failed to demonstrate a viable constitutional claim for a federal ex post facto violation against Defendants.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A and Plaintiff's Motion for Second Extension of Time for Service of Summons be dismissed as moot.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in

5

(a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ

- Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of May, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE